

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

Division of
Enforcement

March 25, 2022

**FILED BY ECF**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    <u>SEC v. James Velissaris, No. 22 Civ. 1346 (PKC)</u>

Dear Judge Castel:

    Plaintiff Securities and Exchange Commission respectfully submits this letter to inform the Court that the Commission takes no position on the motion to intervene and stay the above-captioned civil action, filed earlier today by the Office of the United States Attorney for the Southern District of New York. We also write to advise the Court that the Commission intends to continue investigating related conduct of certain individuals and entities *not* party to this action or the criminal proceeding, including by issuing investigative subpoenas for documents and testimony. For the reasons stated below, a stay in this action would not restrict such continued investigation.

    As background, on February 17, 2022, the Commission filed its Complaint against defendant James Velissaris ("Velissaris"), the founder and former chief investment officer of SEC-registered investment adviser Infinity Q Capital Management LLC ("Infinity Q"). The Commission alleges that Velissaris engaged in a fraudulent scheme that inflated by more than $1 billion the value of assets held by a mutual fund and a hedge fund that Infinity Q advised.

    The Commission intends to continue to investigate individuals and entities other than Velissaris, arising from the same or related conduct alleged in the Complaint. Accordingly, the Commission staff may issue investigative subpoenas for documents and testimony.

    The stay of this Commission action would not prevent the Commission from continuing its investigation. Section 21(a) of the Securities Exchange Act of 1934 grants the Commission independent authority to investigate potential securities law violations, including through the Commission's own subpoena power. *See* 15 U.S.C. § 78u(a). The Second Circuit and district courts in this and other Circuits have long recognized that an administrative agency may use its independent subpoena power to investigate individuals and entities while litigation is pending, at

least where—as here—the agency is not using extra-judicial means to investigate the allegations *in* the pending litigation. *See, e.g., Bowles v. Bay of N.Y. Coal & Supply Corp.*, 152 F.2d 330, 331 (2d Cir. 1945) (noting the "settled" principle that "the rules of civil procedure do not apply to restrict or control administrative subpoenas"); *SEC v. F.N. Wolf & Co., Inc.*, No. 93 Civ. 0379 (LLS), 1993 WL 568717, at *2 (S.D.N.Y. Dec. 14, 1993) ("[The Commission's] institution of civil litigation did not shrink the scope of the investigative resources available to the SEC, nor limit its use of information obtained from those resources to purposes other than litigation."); *SEC v. Life Partners Holdings, Inc.*, No. 12-cv-00033-JRN, 2012 WL 12850253, at *2 (W.D. Tex. Aug. 17, 2012) (concluding that the Commission "is not bound by the FRCP when investigating potential securities-law violations pursuant to its investigatory power" but that investigative testimony taken without leave of court violated the Federal Rules of Civil Procedure when "not taken for the sole purpose of investigating violations not alleged in the [c]omplaint"); *cf. FTC v. Waltham Watch Co.*, 169 F. Supp. 614, 620 (S.D.N.Y. 1959).

If in the course of its investigation the Commission obtains documents or sworn investigative testimony, the Commission will provide access to such documents and transcripts to the Assistant U.S. Attorneys assigned to the related criminal proceedings. The Commission will produce such documents and transcripts to Defendant in this action when the Court ultimately lifts any stay it grants.

Respectfully submitted,

David H. Tutor
Senior Counsel
Division of Enforcement

cc: Counsel for Defendant (by email)
Assistant U.S. Attorneys Daniel Loss and Daniel Tracer (by email)