

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 25, 2022

**BY ECF**
The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> The government's letter of March 25 is deemed a motion to intervene and for a stay.  Intervention is GRANTED.  The action before me is stayed as to James Velissaris without prejudice to the plaintiff's right to amend or seek to amend to add additional parties.  Any party or the intervenor United States, may move to dissolve the stay at any time.
> SO ORDERED.
> Dated: 3/30/2022
>
> P. Kevin Castel
> United States District Judge

Re:   *Securities and Exchange Commission* v. *James Velissaris.*
      22 Civ. 1346 (PKC)

Dear Judge Castel:

     Pursuant to Your Honor's Individual Rules of Practice, the Government respectfully submits this letter in advance of making a motion to intervene in the above-captioned case (the "SEC Civil Action") in order to seek a complete stay of this matter until the completion of the trial or other disposition in a parallel criminal case, *United States v. James Velissaris*, 22 Cr. 105 (DLC) (the "Criminal Case").  The Criminal Case involves the same defendant and arises from the same operative facts as this proceeding.  The defendant consents to a complete stay of the SEC Civil Action, and the SEC takes no position.  An initial conference in this matter is currently set to take place telephonically on April 22, 2022 at 10:30 a.m.

     If this case were to proceed, there would be a risk of significant interference with the Criminal Case and discovery would likely proceed in a one-sided fashion.  A complete stay, to which the defendant consents, would prejudice no party to the SEC Civil Action; would prevent the circumvention of important statutory limitations on criminal discovery; and would preserve the Court's resources because many of the issues presented by the SEC Civil Action may be resolved in the Criminal Case.  In these and similar circumstances, courts in this Circuit frequently grant stays of parallel civil proceedings.  *See, e.g.*, *S.E.C.* v. El-Khouri, No. 19 Civ. 9744 (LAP), 2021 WL 601652 (S.D.N.Y. Jan. 26, 2021); *S.E.C.* v. Carroll, No. 19 Civ. 7199 (AT), 2020 WL 1272287 (S.D.N.Y. Mar. 17, 2020); *SEC v. Wey*, 15 Civ. 7116 (PKC) (S.D.N.Y. June 9, 2016); *SEC v. Durante et al.*, 15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 23, 2016); *SEC v. Shkreli, et al.*, 15 Civ. 7175 (KAM), 2016 WL 1122029, at *2-7 (E.D.N.Y. Mar. 22, 2016); *SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012).

Honorable P. Kevin Castel
March 25, 2022
Page 2 of 5

Background

The parallel Criminal Case arises out of the same underlying events as this action. On February 17, 2022, the Indictment in the Criminal Case was unsealed, and the defendant surrendered to the FBI. The Criminal Case is assigned to the Honorable Denise L. Cote and is scheduled for trial in November 2022. Also on February 17, 2022, the SEC and the Commodity Futures Trading Commission ("CFTC") filed parallel civil proceedings against Velisssaris, including the SEC Civil Action.

As alleged in both the Criminal Case and the SEC Civil Action, from at least in or about 2018 through 2021, Velissaris engaged in scheme to defraud investors in two investment funds managed by Infinity Q Capital Management LLC ("Infinity Q"). Both the Criminal Case and the SEC Civil Action allege that Velissaris artificially inflated the value of over-the-counter ("OTC") derivative positions held by Infinity Q's investment funds in order to make the funds appear more successful than they were, and increase his compensation in the form of management and performance fees. The cases also allege that Velissaris made false and misleading statements to investors regarding the independence of the process for valuing OTC derivative positions. (Indictment ¶¶ 25-26; Complaint ¶¶ 2, 81). Both cases charge that Velissaris executed his scheme by, among other things, inputting false terms into pricing models used to value the OTC derivative positions and changing the models' underlying computer code. (Indictment ¶¶ 25-34; Complaint ¶¶ 3, 98-134). Both cases also allege that Velissaris endeavored to conceal his fraud by, among other things, providing falsified term sheets to Infinity Q's auditors and creating other fabricated materials in response to SEC document requests. (Indictment ¶¶ 35-41; Complaint ¶¶ 218-235).

The Government Should Be Permitted to Intervene in the SEC Civil Action

Rule 24 of the Federal Rules of Civil Procedure ("FRCP") provides for the intervention of parties in civil lawsuits either by right or by permission of the court. Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction which is the subject of the action" and the applicant is so situated that "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests." Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact."

"[C]ourts in this Circuit have routinely allowed federal or state prosecutors to intervene in civil litigation in order to seek a stay of discovery." *SEC v. Treadway*, No. 04 Civ. 3464 (VM), 2005 WL 713826, at *2 (S.D.N.Y. Mar. 30, 2005). Given the effect that this civil proceeding would have on the Criminal Case and the similarity of claims and facts between the parallel proceedings, the Government respectfully submits that its application would satisfy both the standard for intervention as of right under Fed. R. Civ. P. 24(a)(2) and permissive intervention under Fed. R. Civ. P. 24(b)(2).

A Complete Stay is Warranted

This Court has the inherent power to stay a civil proceeding in the interests of justice pending the completion of the parallel criminal trial. *See Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936)). In evaluating whether to grant such a stay, courts in this Circuit consider:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*Treadway*, 2005 WL 713826, at *2-*3 (quoting *In re Worldcom, Inc. Secs. Litig.*, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002)); *see also Volmar Distrib., Inc.* v. *New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). "Balancing these factors is a case-by-case determination." *Volmar Distrib.*, 152 F.R.D. at 39.

Application of each of these factors here weighs in favor of the stay sought by the Government, with the defendant's consent.

1. The Extent of Overlap

The Criminal Case and the SEC Civil Action involve nearly identical facts and issues, weighing heavily in favor of a stay. "Courts have consistently recognized [the overlap of issues] as a particularly significant factor." *Shkreli*, 2016 WL 1122029, at *4. *See, e.g.*, *Volmar Distrib.*, 152 F.R.D. at 39; *Parker* v. *Dawson*, 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007) (same). Here, as described above, the Criminal Case and this case involve the same scheme involving the same entities (Infinity Q and its investment funds), and similar facts, witnesses, and issues.

2. The Status of the Criminal Case

The status of the criminal case also weighs in favor of a stay. The defendant has already been indicted, Rule 16 discovery has been produced, and trial is scheduled for November 28th of this year, just eight months from now. "The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." *In re Par Pharm., Inc. Secs. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). As the Court explained in *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al*. v. *Transworld Mechanical, Inc.*:

>A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved.

886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *see SEC v. Tuzman*, No. 15 Civ. 7057 (AJN) (S.D.N.Y. Mar. 1, 2016), Dkt. No. 43 at 3 (noting that an indictment normally weighs heavily in favor of a stay absent particular facts indicting that the criminal case may not be resolved expeditiously); *Shkreli*, 2016 WL 1122029, at *4.

### 3. The Plaintiff's Interests

The SEC has indicated that it takes no position on a stay. Therefore, there can be no argument that there would be prejudice to the plaintiff by staying this action. *See Shkreli*, 2016 WL 1122029, at *5 (citing cases).

### 4. The Defendant's Interests

As noted above, Velissaris consents through his counsel to a complete stay of this action. Moreover, a stay will prevent Velissaris from having to choose between asserting his Fifth Amendment rights during civil discovery and thereby being prejudiced in the SEC Civil Action or asserting those rights and thereby being prejudiced in the Criminal Case. *See Shkreli*, 2016 WL 1122029, at *3 n. 3 ("[C]riminal defendants frequently seek stays in parallel civil enforcement proceedings, often due to an adverse inference that can arise from a party's invocation of the Fifth Amendment privilege against self-incrimination."). Accordingly, Velissaris will not be prejudiced by a stay.

### 5. The Court's Interests

Considerations of judicial economy also weigh in favor of granting a stay. Issues common to both cases can be resolved in the Criminal Case, thereby simplifying and streamlining the SEC Civil Action. *See SEC v. Abraaj Inv. Mgmt. Ltd.*, No. 19 Civ. 3244 (AJN), 2019 WL 6498282, at *3 (S.D.N.Y. Dec. 3, 2019) ("A stay of the civil action while the criminal case moves forward would avoid a duplication of efforts and a waste of judicial time and resources.") (internal quotation and citation omitted); *SEC v. Contorinis*, 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *SEC v. One or More Unknown Purchasers of Secs. of Global Indus.*, 2012 WL 5505738, at *4 (S.D.N.Y. Nov. 9, 2012) ("[T]he Civil Case is likely to benefit to some extent from the Criminal Case no matter its outcome.").

Honorable P. Kevin Castel
March 25, 2022
Page 5 of 5

      6.      <u>The Public Interest</u>

      The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the restrictions that pertain to criminal discovery. Courts recognize this as an important factor that weighs in favor of a stay of parallel civil proceedings. *See*, *e.g.*, *SEC v. Beacon Hill Asset Mgmt. LLC*, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "[t]he principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"); *Phillip Morris Inc. v. Heinrich*, 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without a stay, defendants "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); *Governor of the Fed'l Reserve Sys. v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial") (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1952)); *SEC v Town of Ramapo*, No. 16 Civ. 2779 (CS) (S.D.N.Y. June 30, 2016), Dkt. 90 at 38 ("There's a public interest in criminal defendants not gaining discovery via a civil case that they wouldn't otherwise have because of the obvious risk that evidence or testimony could be tailored . . . . Congress passed the Jencks Act and it passed Section 3500 because it was concerned generally about that problem in every case. And the rationale behind the Jencks Act would be undermined if criminal defendants would use the civil process to gain information to which they would not otherwise be entitled.").

      *      *      *

      For the foregoing reasons, the Government should be permitted to intervene in this case, and the Court should stay this proceeding until the resolution of the Criminal Case.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

By:    /s/
      Daniel Loss / Daniel Tracer
      Assistant United States Attorneys
      (212) 637-6527 / -2329

cc:     All counsel of record