UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECUTITIES AND EXCCHANGE COMMISSION,

                       Plaintiff,                     22 cv 1346 (PKC)

     -against-

                                                                  ORDER

JAMES VELISSARIS.

                     Defendant.
-----------------------------------------------------------x

CASTEL, District Judge:

        Defendant James Velissaris moves for the appointment of counsel.

        Under the authority of 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The Court may request and appoint such counsel if it finds the factors set forth in <u>Hodge v. Police Officers</u>, 802 F.2d 58 (2d Cir.1986), are satisfied. These factors include: (1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross-examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex. <u>Hodge</u>, 802 F.2d at 60–61.

        The Complaint asserts claims under section 17(a) of the Securities Act of 1933, section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)(5) thereunder, as well as claims under the Investment Company Act of 1940 and the rules thereunder. Velissarisa is alleged to have been Chief Investment Officer and majority owner of Infinity Q Management Equity LLC.

        Velissaris entered a plea of guilty to one count of securities fraud before Judge Cote in <u>United States v. James Velissaris</u>, 22-cr-00105 (DLC). He has been

sentenced to 180 months imprisonment and a $50,000 fine. Judge Cote has entered an amended criminal judgment imposing restitution in the amount of $125,969,962.78. .His civil forfeiture amount is $22 million.  His appeal to the Second Circuit was dismissed as to the term of imprisonment and otherwise affirmed.  United States v Velissaris, 23-6379 (2d Cir. Oct. 16, 2024)(Summary Order).

In his plea allocution before Judge Cote he stated:

> I made false statements of material fact to investors in the Infinity Q funds that I managed, and I did so knowingly, willfully, and with the intent to defraud. Specifically, I told investors that I was using an independent Bloomberg system to value the fund's over-the-counter derivatives. However, I was making manual adjustments in the system which increased the values of over-the-counter derivative positions that were reported. I knew that if I disclosed what I was doing, investors might have decided to redeem their investments or maybe would not have made the investments in the first place. Some of the communications with investors occurred over the phone and by email in the Southern District of New York. I acknowledge that my actions caused investors to lose money, and for this I am truly sorry.

Id. at 4. He also acknowledged that the "manual adjustments" was "To increase the value of the securities being held by the fund." Id.  The Court of Appeals concluded that his allocution was sufficient to support a guilty plea to making material misrepresentations about his ongoing administration oft the asset valuation process within Infinity Q. Id. at 5.

Liberally construed and considering the entirety of his application, Velissaris has not demonstrated that his defense to the plaintiff's complaint would have "substantial merit." Issues of fraud, material misstatements or material false statements are likely to be relatively simple and straightforward. His conviction may foreclose his ability to challenge certain allegations in this case.  At this stage, he has not shown that any aspect of the case would turn on the credibility of witnesses.  He has not shown that the purported complexity of the custom illiquid derivatives to

which he cites are outside his own abilities to explain. The Court accepts that defendant is now incarcerated which limits his ability to investigate facts and that he now lacks resources because of the criminal penalties. Nevertheless, considering the Hodge factors and recognizing that "[v]olunteer lawyer time is a precious commodity,"[1] the Court concludes that requesting the appointment of counsel to serve without a fee is unwarranted at this time. See, e.g. SEC v. Amah, No. 21-cv-6694 (KMK), 2022 WL 683011, at *3 (S.D.N.Y. Mar. 8, 20220(denying the appointment of counsel in enforcement action); SEC v. Penn, 04-cv-0581 (VEC), 2017 WL 5508779, at *2 (S.D.N.Y. Jan. 24, 2017)(same).

      Motion at ECF 28 is DENIED.

      SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 23, 2025

---

[1] Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).