

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**

100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

April 30, 2025

*[Handwritten annotation:]* 1. Schedule for proposed summary judgment is adopted; 2. Plaintiff shall comply with Local Civil Rule 56.2. 3. May 2 conference is vacated. 4. Letter Motion at ECF 33 should be terminated. SO ORDERED /s/ PKC USDJ 4-30-25

**BY ECF**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *SEC v. James Velissaris*, No. 22 Civ. 1346 (PKC)

Dear Judge Castel:

In accordance with the Court's Individual Rules of Practice 3.A, Plaintiff Securities and Exchange Commission ("SEC" or the "Commission") respectfully submits this letter in advance of its anticipated motion for summary judgment against Defendant James Velissaris ("Velissaris"), and the Court's pre-trial conference currently scheduled for May 2, 2025 (D.E. 32). For the reasons set forth below, the SEC respectfully requests that the Court adjourn the May 2 conference and order a briefing schedule for the SEC's anticipated motion. Velissaris currently is incarcerated at Federal Correctional Institution Jesup in Jesup, Georgia, and is *pro se*. He consents[1] to the adjournment of the May 2 conference.

**I.    Procedural Background**

The SEC alleges that Velissaris, founder and former chief investment officer of SEC-registered investment adviser Infinity Q Capital Management LLC ("Infinity Q"), engaged in a fraudulent scheme to overstate by more than $1 billion the value of assets held by a mutual fund and a hedge fund that Infinity Q advised. For this conduct, the SEC charges Velissaris with violating the anti-fraud provisions of the federal securities laws: Section 17(a) of the Securities Act of 1933 ("Securities Act"); Section 10(b) of the Securities Exchange Act of 1934

---

[1] No counsel has formally appeared on behalf of Velissaris in this case. Last February, attorney W. Hunter Winstead of Gilbert Legal, LLP informed the SEC that he would represent Velissaris briefly—for the limited purpose of discussing settlement—but that, going forward, the SEC should communicate directly with Velissaris. Accordingly, yesterday, the SEC conferred with Velissaris through an FCI-Jesup representative, who informed the SEC that: (1) Velissaris consents to the SEC's requested adjournment; and (2) the SEC should refer any further inquiries to attorney Winstead. The SEC then emailed Mr. Winstead to confirm whether he continues to represent Velissaris in this case, but we have not yet heard back from him.

Case 1:22-cv-01346-PKC    Document 33    Filed 04/30/25    Page 2 of 4

Hon. P. Kevin Castel
April 30 2025
Page 2

("Exchange Act"), and Rule 10b-5 thereunder; Sections 206(1), 206(2), 206(4) and 207 of the Investment Advisers Act of 1940 ("Advisers Act"), and Rule 206(4)-8 thereunder, and Sections 34(b) and 37 of the Investment Company Act of 1940 ("Investment Company Act") and Rule 22c-1 thereunder. The SEC's action arises out of the same underlying events and operative facts as the parallel criminal case against Velissaris, *United States v. James Velissaris*, 22 Cr. 105 (DLC) (the "Criminal Case"). This Court previously stayed this action pending the outcome of the Criminal Case. (D.E. 9.)

Regarding the Criminal Case, on November 21, 2022, Velissaris pleaded guilty to one count of securities fraud under Exchange Act Section 10(b) and Rule 10b-5 thereunder. Criminal Case, D.E. 1, 72. On April 7, 2023, Judge Cote sentenced Velissaris to 180 months imprisonment, *id.* at D.E. 116-118, and, on August 3, 2023, entered an amended judgment imposing restitution in the amount of approximately $126,000,000 and a $50,000 fine. *Id.* at D.E. 144. Velissaris appealed, and on October 16, 2024, the Second Circuit dismissed Velissaris's appeal. *United States v. Velissaris*, 2024 WL 4502001, at *1 (2d Cir. Oct. 16, 2024) (Summary Order). Pursuant to a November 21, 2022 Consent Preliminary Order of Forfeiture/Money Judgment, Velissaris forfeited $22,000,000 to the U.S. Government. *id.* at D.E. 66.

On November 21, 2024, this Court vacated the stay in the SEC case. D.E. 27.

## II.    The SEC Summary Judgment Motion

### A. Liability

The SEC's anticipated summary judgment motion is based primarily on Velissaris's conviction for securities fraud in the parallel Criminal Case. Velissaris is collaterally estopped from re-litigating his violations of Exchange Act Section 10(b) and Rule 10b-5. *See SEC v. Haligiannis*, 470 F. Supp. 2d 373, 382 (S.D.N.Y. 2007) ("a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case.") (quoting *United States v. Podell*, 572 F.2d 31, 35 (2d Cir.1978)). Indeed, District courts in the Second Circuit routinely grant the Commission summary judgment based on collateral estoppel in such circumstances. *See, e.g., McGinn, Smith & Co.*, No. 10 Civ. 457 (GLS), 2015 WL 667848, at *6 (N.D.N.Y. Feb. 17, 2015) (granting the Commission summary judgment based on collateral estoppel after defendant's criminal conviction); *SEC v. Tzolov*, No. 08 Civ. 7699 (SAS), 2011 WL 308274, at *1–6 (S.D.N.Y. Jan. 26, 2011) (same); *Haligiannis*, 470 F. Supp. 2d at 382 (same). Courts also have applied collateral estoppel to bar defendants from litigating claims under the Advisers Act and Investment Company Act that arose from the same factual predicate as a defendant's Exchange Act Section 10(b) conviction. *See, e.g., Haligiannis*, 470 F. Supp. 2d at 383 ("Facts showing a violation of Section 17(a) or 10(b) by an investment adviser will also support a showing of a Section 206 violation"); *SEC v. Westerfield*, No. 94 Civ 6997 (JSM), 1997 WL 282241 at *1-4 (S.D.N.Y. May 27, 1997) (SEC entitled to summary judgment on all claims, including Investment Company Act claims). Accordingly, collateral estoppel bars Velissaris from relitigating all of the SEC's claims against him in this case.

Furthermore, even if Velissaris were not collaterally estopped, his admissions in his Criminal Case plea agreement and allocution establish his liability in this case as a matter of law. In his plea allocution, Velissaris admitted the same facts that support the SEC's claims against him in this case. Thus, even without collateral estoppel, no genuine dispute can exist regarding

Case 1:22-cv-01346-PKC   Document 34   Filed 04/30/25   Page 3 of 4
Case 1:22-cv-01346-PKC   Document 33   Filed 04/30/25   Page 3 of 4

Hon. P. Kevin Castel
April 30 2025
Page 3

Velissaris's liability for the SEC's charges, and Velissaris's admissions in the Criminal Case constitute a second, independent basis for the SEC's anticipated summary judgment motion against him. *See Genovese*, 553 F. Supp. 3d at 42-44 (defendant's plea allocution admissions supported summary judgment for SEC even if collateral estoppel did not apply).

### B. Remedies

In addition to seeking liability findings against Velissaris, the SEC's anticipated summary judgment motion will seek an order permanently enjoining Velissaris from future violations of the statutory provisions that the SEC has charged against him. The Court should grant this relief based on the same facts that establish Velissaris's liability.

To obtain a permanent injunction against future violations of the securities laws, the Commission must demonstrate that: (1) the Commission has succeeded on the merits; (2) irreparable harm will likely result in the absence of the injunction; (3) the balance of equities tips in the Commission's favor; and (4) the injunction is in the public interest. See *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008); *see also Starbucks v. McKinney*, 144 S. Ct. 1570, 1576 (2024); *SEC v. Chappell*, 107 F.4th 114 (3d Cir. 2024) (applying *Starbucks* to a Commission enforcement actions). As explained above, the SEC can satisfy the first element based on collateral estoppel and Velissaris's admissions in his Criminal Case. The SEC can demonstrate the second element—the likelihood of irreparable harm absent an injunction—by establishing the likelihood of Velissaris's future violations. *See Chappell*, 107 F.4th at 128-29 (recognizing that a "cognizable risk of future harm" satisfies the "irreparable harm requirement"). Such future violations are likely here because Velissaris engaged in fraudulent activity in the past and, indeed, pled guilty to violating Section 10(b) of the Exchange Act. The balance of the equities favors the Commission because of the need to protect investors and, thus, the proposed injunction is in the public interest.

The SEC's motion will also seek an order permanently barring Velissaris from serving as an officer or director of a public company. Section 20(e) of the Securities Act and Section 21(d)(2) of the Exchange Act permit federal district courts to prohibit any person who "violated" Securities Act Section 17(a)(1) or Exchange Act Section 10(b) from acting as an officer or director of a public company if the person's conduct demonstrates "unfitness to serve as an officer or director." In making this determination, courts consider several factors, including the egregiousness of the underlying violations and whether the individual was acting in a corporate or fiduciary capacity at the time of the misconduct. *See SEC v. Patel*, 61 F.3d 137, 140-41 (2d Cir. 1995); *see also SEC v. Bankosky*, 716 F.3d 45, 49 (2d Cir. 2013) (holding that the courts can consider factors that are "suggestive and non-exclusive indicators of unfitness to serve" in exercising the court's broad discretion to impose an officer or director bar). The SEC will establish that, given the egregiousness of Velissaris's securities fraud committed while serving as Infinity Q's chief investment officer, he is unfit to serve as an officer or director of a public company.[2]

---

[2] The SEC's Complaint also seeks disgorgement and a civil money penalty against Velissaris. The SEC staff is in the process of recommending to the Commission how best to proceed regarding these remedies in light of Velissaris's prison sentence, restitution Order, and forfeiture Order in the Criminal Case.

Hon. P. Kevin Castel
April 30 2025
Page 4

Case 1:22-cv-01346-PKC    Document 34    Filed 04/30/25    Page 4 of 4
Case 1:22-cv-01346-PKC    Document 33    Filed 04/30/25    Page 4 of 4

In accordance with the Court's Individual Rule 1.C and 3.A, the SEC respectfully requests that the Court adjourn the May 2 conference and order the following briefing schedule for its summary judgment motion:

- SEC's motion due:  June 20, 2025
- Defendant's response due: July 18, 2025
- SEC reply due: August 1, 2025

### III. Status of Settlement Discussions

As we reported to the Court on March 4, 2025, the SEC has engaged in settlement negotiations with Velissaris. *See* D.E. 31. However, the parties have been unable to reach any agreement. Velissaris, who is *pro se*, thus far has not responded to the SEC's recently revised settlement demand.

Respectfully submitted,

/s/ *Ben Kuruvilla*
Ben Kuruvilla

*Counsel for Plaintiff Securities and Exchange Commission*

cc:     Defendant Velissaris (*by first-class mail and electronic mail to FCI-Jesup representative*)