UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,                                22 Civ. 1346 (PKC)

          -against-

JAMES VELISSARIS,

                    Defendant.

[~~PROPOSED~~] FINAL JUDGMENT AS TO DEFENDANT JAMES VELISSARIS

WHEREAS, on February 17, 2022, Plaintiff Securities and Exchange Commission ("SEC") filed its Complaint in this case ("Complaint") against Defendant James Velissaris ("Velissaris" or "Defendant");

WHEREAS, on June 20, 2025, the SEC filed a motion for summary judgment against Velissaris on all claims in the Complaint, which Velissaris opposed (Dkt. Nos. 35-41, 44-47);

WHEREAS, on March 18, 2026, the Court issued an Opinion and Order (Dkt. No. 48) granting in part and denying in part the SEC's motion for summary judgment against Velissaris ("Summary Judgment Decision");

WHEREAS, the Summary Judgment Decision granted the SEC summary judgment on the First, Second, Fourth, Fifth, and Sixteenth claims of the Complaint (the "Granted Claims"), finding that Velissaris violated Section 17(a) of the Securities Act of 1933 ("Securities Act") (First Claim); Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") (Second Claim); Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") (Fourth Claim); Advisers Act Section 206(4) and Rule 206(4)-8 thereunder

1

Mailed to Velissaris 6/16/2026

(Fifth Claim); and aiding and abetting violations of Section 34(b) of the Investment Company Act of 1940 ("Investment Company Act") (Sixteenth Claim);

**WHEREAS,** the Summary Judgment Decision granted the SEC's request that Velissaris be enjoined from future violations of Securities Act Section 17(a); Exchange Act Section 10(b), and Rule 10b-5 thereunder; and Advisers Act Sections 206(1) and (2);

**WHEREAS**, the Summary Judgment Decision denied the SEC's additional requests for relief against Velissaris;

**WHEREAS**, the Summary Judgment Decision denied the SEC summary judgment as to the following remaining claims in the Complaint, for alleged violations of the following provisions (collectively, the "Unresolved Claims"): Exchange Act Section 20(a) control person liability for violations of Exchange Act Section 10(b) and Rule 10b-5 thereunder (Third Claim); Advisers Act Section 207 (Sixth Claim); Investment Company Act Section 34(b) (primary liability) (Seventh Claim); Investment Company Act Section 37 (Eighth Claim); and aiding and abetting violations of Securities Act Section 17(a) (Ninth Claim), Exchange Act 10(b) and Rule 10b-5 thereunder (Tenth Claim); Advisers Act Section 204(a) and Rule 204-2 thereunder (Eleventh Claim), Advisers Act Sections 206(1) and (2) (Twelfth Claim), Advisers Act Section 206(4) and Rule 206(4)-7 thereunder (Thirteenth Claim), Advisers Act Section 206(4) and Rule 206(4)-8 thereunder (Fourteenth Claim), Advisers Action Section 207 (Fifteenth Claim), and Investment Company Act Rule 22c-1 (Seventeenth Claim);

WHEREAS, the SEC now requests that the Court enter a final judgment: (1) ordering the relief against Velissaris set forth in the Summary Judgment Decision; and (2) dismissing with prejudice the Unresolved Claims:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Securities Act Section 17(a) [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about any investment strategy or investment in securities.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

3

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about any investment strategy or investment in securities.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Advisers Act Sections 206(1) and (2) [15 U.S.C. § 80b-6(1) and (2)], as an investment adviser, by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(b)     to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or investor or prospective investor in a pooled investment vehicle, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, or investor or prospective investor in a pooled investment vehicle, about any investment strategy or investment in securities.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Unresolved Claims–Claims Three, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, and Seventeen of the SEC's Complaint—are dismissed with prejudice.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: _____June 16___,2026

_____
HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE